UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEVERLY TAVIERE, et al.,

    Plaintiffs,

v.                                                      Case No. 8:07-cv-2001-T-24TBM

MACY'S FLORIDA STORES, LLC, et al.,

    Defendants,
_____/

**ORDER**

This cause comes before the Court on a Motion to Dismiss Plaintiffs' Second Amended Verified Complaint filed by Defendants Macy's Florida Stores, LLC ("Macy's") and Sarah Buchheit. (Doc. No. 13.) Plaintiffs Beverly Taviere and Gary Taviere, who are proceeding pro se, oppose this motion. (Doc. No. 14.)

**I.    Background**

Plaintiffs, who are African-American and parents of a minor child, M.T., filed this suit against Defendants under 42 U.S.C. § 1981 and for negligence. On January 4, 2008, the Court dismissed Plaintiffs' Amended Complaint without prejudice upon a motion by Defendants, after identifying several deficiencies in the pleading, and allowed Plaintiffs to file a second amended complaint. (Doc. No. 10.) The Court warned Plaintiffs that failure to correct the deficiencies may result in dismissal with prejudice of their case.

Plaintiffs filed their three-count Second Amended Complaint on January 15, 2008. (Doc. No. 11.) This version of the complaint is almost identical to the first Amended Complaint that the Court previously dismissed without prejudice. Again, Plaintiffs' claims are difficult to understand, as random, disjointed facts are interspersed with occasional reference to the law.

However, based on Plaintiffs' general allegations that relate to each of the three counts, it appears that Plaintiffs are alleging that, in their efforts to resolve a personal injury claim they filed on behalf of their minor child against Defendant Macy's, they were treated differently because of their race. They allege that Defendant Macy's intentionally discriminated against them by "fail[ing] to formally conduct an incident report according to policy manual" and that they "were denied adjustment of insurance claim under their policy provision mandate." Plaintiffs generally allege that they "were treated differently and intentional because of race 'Black'" and that "[t]here were no 'White' citizens treated in the same exaction as described herein."

In Count I, Plaintiffs assert a negligence claim against Defendant Macy's. As alleged in their first amended complaint, Plaintiffs allege that on July 15, 2006, Plaintiff Beverly Taviere and M.T. entered one of Defendant's stores as general public invitees. M.T. slipped and fell on a wet substance on the floor, causing her injury. Defendant Macy's had constructive notice of the wet substance before the incident. Defendant's employees had a duty to prevent the risk of harm to the child, their conduct fell below the standard of care, and caused the injury. Plaintiffs assert that the Court should exercise supplemental jurisdiction over this claim.

In Counts II and III, Plaintiffs assert § 1981 claims against Defendant Macy's and Defendant Sarah Buchheit, respectively. Plaintiffs allege that Defendant Macy's breached the duty of care it owed Plaintiffs by failing to enforce their corporate risk liability insurance policy to which Plaintiffs are third party beneficiaries. Plaintiffs also allege that Defendant Buchheit, who is identified as the claims adjuster assigned to Plaintiffs' case, intentionally discriminated against Plaintiffs when she failed to follow that policy and failed to negotiate a settlement in bad

faith. Furthermore, they allege that Defendant Buchheit's claims database shows a disparity in settlements reached for injuries suffered at Defendant Macy's stores by black and white citizens.

## II.     Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at __, 127 S. Ct. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted). Because Plaintiffs are proceeding pro se, the Court construes the complaint more liberally than it would have had the complaint been drafted by a lawyer. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, even with pro se litigants, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" under Rule 12(b)(6). *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005).

## III.    Discussion

Defendants argue that Plaintiffs have failed to correct the deficiencies identified by the

Court and have essentially restated the same allegations as those stated in their first amended complaint. Defendants argue that Counts II and III fail to state a claim upon which relief can be granted and should be dismissed with prejudice because Plaintiffs still have not alleged any facts that would support a claim of intentional race discrimination, or a claim arising from a third party beneficiary relationship with Defendants. Furthermore, they urge the Court to decline to exercise supplemental jurisdiction over the negligence claim contained in Count I, or alternatively, to dismiss the claim for failure to assert the facts upon which the claim is based. Plaintiffs filed a response to this motion in which they merely state in a conclusory fashion that their allegations are sufficient to withstand dismissal.

The Court already identified the elements required to state a claim for race discrimination under § 1981, as well as identified how Plaintiffs' amended complaint fell short of that standard. Plaintiffs have failed to cure those deficiencies in their Second Amended Complaint, which is essentially a restatement of the first amended complaint. Again, Plaintiffs have failed to sufficiently allege facts to support their § 1981 claim. *See Faulk v. Orlando*, 731 F.2d 787, 790 (11th Cir. 1984) (affirming the dismissal of a pro se § 1981 claim for failure to allege facts that could be characterized as purposeful discrimination). For example, Plaintiffs reiterate the conclusory allegation that they were treated differently because of their race, but that allegation is not supported by any facts that could be characterized as purposeful race discrimination by either Defendant Macy's or Defendant Buchheit. Plaintiffs appear to be asserting that they were discriminated against during the insurance claims reporting and handling process; however, this claim does not contain any specific allegations of fact that indicate a deprivation of civil rights. Although the Court liberally construes pro se pleadings, Plaintiff is still required to conform to

procedural rules, and the Court is not required to rewrite a deficient pleading. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Having determined that dismissal is appropriate as to Plaintiffs' § 1981 claims against Defendants Macy's and Buchheit contained in Counts II and III, the Court declines to exercise supplemental jurisdiction over the negligence claim contained in Count I. Count I is dismissed without prejudice.

**IV.    Conclusion**

It is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiffs' Second Amended Verified Complaint (Doc. No. 13) is **GRANTED**. The § 1981 claims contained in Counts II and III are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the negligence claim contained in Count I, and it is therefore dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). As there are no remaining claims before the Court, the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of April, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record